UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| High Tech National, LLC, | CASE NO. 1:17-CV-1638 |
| Plaintiff, | JUDGE |
| vs. | |
| High-Tech Locksmiths, Inc., | **COMPLAINT FOR DECLARATORY RELIEF** |
| Defendant. | |

Plaintiff High Tech National, LLC ("Plaintiff" or "High Tech"), by and through its attorneys, brings this action for declaratory judgment and alleges against defendant High-Tech Locksmiths, Inc. ("Defendant" or "Locksmith") as follows:

### NATURE OF THE ACTION

1. This is an action for declaratory relief under 28 U.S.C. §§ 2201-2202.

2. High Tech seeks a declaration that its use of "HIGH TECH LOCKSMITHS" does not infringe on Defendant's rights in any way. On July 14, 2017, Locksmith sent High Tech a cease and desist letter threatening litigation and claiming that High Tech's use of "HIGH TECH LOCKSMITHS" infringes its rights. Accordingly, High Tech brings this action to clarify the

rights of the Parties, allowing them to continue the peaceful coexistence that has been in place for many years.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201(a) and 2202, as well as under 28 U.S.C. §§ 1331, 1338, and 1367, and the Lanham Act, 15 U.S.C. § 1121.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c), as a substantial part of the events or omissions giving rise to High Tech's claim against Locksmith occurred in this district, and Locksmith is subject to the personal jurisdiction of this Court.

## PARTIES

5. High Tech is an Indiana limited liability company with its principal place of business at 13085 Hamilton Crossing Blvd., Carmel, Indiana 46032. High Tech is qualified to do business and is doing business in the State of Ohio and in this judicial district.

6. Upon information and belief, Locksmith is an Ohio corporation with its principal place of business at 4860-B Dover Center Rd., North Olmsted, Ohio.

## HIGH TECH'S BUSINESS AND THE HIGH TECH LOCKSMITHS MARK

7. Plaintiff operates an automotive key technology company. This automotive key technology company was previously owned by High Tech National, Inc., a Florida corporation doing business as High Tech Locksmiths ("High Tech Locksmiths").

8. Plaintiff and its predecessors have, since 1992, provided high tech locksmith services to businesses, namely, custom programming of transponder keys, transponder modules, high security keys, laser cut keys and remote keyless entry systems under the HIGH TECH LOCKSMITHS mark. High Tech is a nationwide leader in transponder, remote, high security, remotehead, smart key and proximity key services.

9. High Tech services most of the United States, through mobile units. High Tech does not maintain brick and mortar stores.  High Tech provides on-site, same day services at its customers' locations.  It is the largest mobile automotive locksmith service of its kind in the world.

10. High Tech's customers include automotive auctions, car rental agencies, used car dealers and corporate fleets (the "Commercial Automotive Market").

11. High Tech is a wholesale, business to business operation – it does not offer services to the general public.  Within this business to business market, High Tech cuts over half a million automotive keys per year.

12. High Tech's clients are sophisticated commercial entities.  The custom programming services High Tech provides are all highly technical.  The automotive manufacturers provide High Tech with key codes, with an associated cost to access those codes. High Tech acquires and maintains access to the latest hardware and software, which allows it to support 95% of vehicles.

13. High Tech first entered the State of Ohio to sell its services in the Commercial Automotive Market in or around 2003, and more specifically entered into Northern Ohio in 2005, and has continuously used its HIGH TECH LOCKSMITHS mark in Ohio since that time.

### HIGH TECH'S "HIGH TECH LOCKSMITHS LOGO" REGISTRATION

14. Beginning as early as 2003, High Tech has used the trademark HIGH TECH LOCKSMITHS and Design (the "HIGH TECH LOCKSMITHS Logo") in commerce in connection with its automotive locksmith services.  The HIGH TECH LOCKSMITHS Logo prominently features a large car key with a microchip and the text "HIGH TECH LOCKSMITHS".

15. On or about August 25, 2004, High Tech's predecessor filed a trademark application for the HIGH TECH LOCKSMITHS Logo based on the first use of the mark in interstate commerce at least as early as March 1, 2003. The application was published for opposition in the Official Gazette on February 14, 2006, and registered on May 9, 2006 (the "Registration"):

| Registration No. | Mark | Priority Date | Class/Services |
| --- | --- | --- | --- |
| 3,089,526 | HIGH TECH LOCKSMITHS | August 25, 2004 | International Class 42<br><br>Locksmithing services, namely, custom programming of transponder keys, transponder modules, high security keys, lasercut keys and remote keyless entry systems |

A true and accurate copy of the Certificate of Registration is attached hereto as **Exhibit A**.

16. High Tech assumed ownership of the HIGH TECH LOCKSMITHS mark and Logo, and all associated intellectual property rights, including goodwill, on or about December 31, 2013. A true and accurate copy of the Nunc Pro Tunc Trademark Assignment is attached hereto as **Exhibit B**.

### LOCKSMITH'S BUSINESS

17. On information and belief, Defendant Locksmith began doing business in or about 1992, providing different locksmithing services from those of Plaintiff. Defendant offers its services from a brick and mortar store in North Olmsted, Ohio. Defendant appears to offer more "traditional" end-user locksmithing services such as for home lockouts,

business/commercial lockouts, remote repairs and programs, key duplication and origination, lock re-keying, installation and repairs, master key systems, door closers service, panic bar sales and service, and specialty key cutting.

18. On information and belief, Defendant Locksmith's services are directed primarily to the individual consumer market and/or to commercial entities, but not to the Commercial Automotive Market.

19. On information and belief, Defendant Locksmith has never applied for a trademark registration on the word combination "HIGH TECH LOCKSMITHS."

## OVER A DECADE OF COEXISTENCE IN OHIO

20. The Parties have mutually offered their respective services in their respective marketplaces within Ohio since at least as early as 2003. High Tech has maintained a significant web presence using the HIGH TECH LOCKSMITHS mark since around August 2004.

21. Defendant did not oppose High Tech's HIGH TECH LOCKSMITHS application for Registration in 2006. Defendant has had constructive knowledge of High Tech's nationwide trademark registration since the Registration issued. Given that High Tech's Registration has been in existence for more than five years, Defendant cannot challenge it now based on any claimed prior rights.

22. Moreover, many years ago, the parties became aware of each other and their respective trademarks in their respective fields. Until recently, however, Defendant did not object to High Tech's use of HIGH TECH LOCKSMITHS in Ohio.

## LOCKSMITH'S INFRINGMENT ALLEGATIONS

23. On or about July 17, 2017, Defendant Locksmith sent High Tech a cease and desist letter, accusing High Tech of trademark infringement and demanding that High Tech

immediately cease all use of the word combination "HIGH TECH LOCKSMITHS" in Ohio.  A copy of the letter is attached hereto as **Exhibit C**.

24. Based on the strong allegations made in Locksmith's cease and desist letter, Locksmith has caused High Tech to be in reasonable apprehension of being imminently sued for alleged infringement.

## CLAIM I
## DECLARATION OF NON-INFRINGEMENT

25. High Tech repeats and incorporates herein by reference the allegations in paragraphs 1-24.

26. High Tech is currently using the HIGH TECH LOCKSMITHS mark and Logo, and intends to continue to do so.

27. Based on the foregoing allegations, there exists between the parties a controversy of sufficient immediacy and reality to warrant declaratory relief.

28. High Tech seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 that all of its uses of the term HIGH TECH LOCKSMITHS in connection with the Commercial Automotive Market are non-infringing.

## CLAIM II
## DECLARATION OF NON-VALIDITY

29. High Tech repeats and incorporates herein by reference the allegations in paragraphs 1-28.

30. High Tech is currently using the HIGH TECH LOCKSMITHS mark and Logo and intends to continue to do so.

31. Based on the foregoing allegations, there exists between the parties a controversy of sufficient immediacy and reality to warrant declaratory relief.

32. High Tech seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 that Locksmith has no common law trademark rights in HIGH TECH LOCKSMITHS as to the Commercial Automotive Marketplace.

## CLAIM III
## DECLARATION OF SUPERIOR RIGHTS

33. High Tech repeats and incorporates herein by reference the allegations in paragraphs 1-32.

34. High Tech is currently using the HIGH TECH LOCKSMITHS mark and Logo and intends to continue to do so.

35. Based on the foregoing allegations, there exists between the parties a controversy of sufficient immediacy and reality to warrant declaratory relief.

36. High Tech seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 that its right to use the term HIGH TECH LOCKSMITHS in connection with the Commercial Automotive Market is superior to Locksmith's.

## PRAYER FOR RELIEF

WHEREFORE, High Tech prays for relief as follows:

1. That this Court adjudge, decree and declare that

   a) High Tech's use of the HIGH TECH LOCKSMITHS mark does not violate the Lanham Act, 15 U.S.C. § 1125 or Ohio common law;

   b) Locksmith has no common law trademark rights in HIGH TECH LOCKSMITHS in the Commercial Automotive Market; and

   c) High Tech has superior rights to the HIGH TECH LOCKSMITHS mark in connection with the Commercial Automotive Market;

2. That this Court enter judgment in favor of High Tech for its costs and reasonable attorneys' fees to the extent permitted by law; and

3. That High Tech be awarded such further relief as this Court may deem proper and just.

Dated: August 4, 2017                                  Respectfully submitted,


/s/ Melissa D. Bertke
Deborah A. Wilcox (0038770)
Melissa D. Bertke (0080567)
BAKER & HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH  44114-1214
Telephone: 216.621.0200
Facsimile: 216.696.0740
Email: dwilcox@bakerlaw.com
           mbertke@bakerlaw.com

Attorneys for Plaintiff
High Tech National, LLC